## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHY ASHLEY, on behalf of her son, JOSHUA ASHLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2971** |
| **CROWN OILFIELD SERVICES, INC., APACHE CORP., PALOMA PRODUCTION CO., INC. AND JOHN YOUNG** | **SECTION: "C"** |

### ORDER AND REASONS

Before this Court is a Motion to Remand (Rec. Doc. 3) filed by Plaintiff, Kathy Ashley ("Plaintiff").  Defendants, Crown Oilfield Services, Inc. ("Crown") and Apache Corporation ("Apache" collectively, "Defendants") oppose the motion.[1]  The motion is before the Court on the briefs, without oral argument.  Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **GRANTED.**

### I. BACKGROUND

Joshua Ashley ("Mr. Ashley") was employed by Crown as a rigger.  He held this position for approximately seven months.  Crown installs equipment and does repair and maintenance

---

[1] As of the date of the filing of the motion to remand, the remaining defendants, Paloma Production Company, Inc. and John Young had not yet been served.  Thus, their consent to removal was not required.

work on oil platforms in the Gulf of Mexico.  Plaintiffs claim that this work is usually performed from a jack-up vessel positioned next to the platform.  While on duty, the crew either lives on the jack-up vessel, the rig or a utility vessel. Plaintiff claims that this connection to vessels qualifies Mr. Ashley for seaman status under the Jones Act.

On February 9, 2006, Mr. Ashley was working on an Apache platform located in the Gulf of Mexico, near Venice, Louisiana.  On this particular occasion, the Crown crew lived, slept and ate aboard a utility boat and worked on the rig during the day.  Plaintiff alleges that Mr. Ashley fell through a hole in the deck of the Apache rig.  Mr. Ashley allegedly fell about twenty-five (25) to thirty (30) feet before his head struck the steel structure of the rig.  He suffered massive brain injuries, which rendered him mentally incompetent.  He is currently in the care of a neurological facility in Covington, Louisiana.

Plaintiff, Kathy Ashley ("Plaintiff") brought this suit on behalf of her son in Civil District Court for the Parish of Plaquemines, State of Louisiana.  In her petition, she alleges that her son was a seaman with the meaning of the Jones Act and maritime law.  Thus, she brought a claim for damages under the Jones Act, general maritime law, and Louisiana law.  Defendants removed to this Court, alleging that Plaintiff's Jones Act claim was fraudulently brought in order to defeat federal jurisdictions.  Plaintiff moved to remand.

## II. <u>ANALYSIS</u>

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. *See,* 28 U.S.C. § 1441 (2006).  In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See, De Aguilar*

*v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995).  To do so, the removing party must show that federal jurisdiction appears on the face of the complaint. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997).

Defendants allege that Plaintiff's Jones Act claim was fraudulently pleaded in order to avoid removal and that this Court has jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333.  Jones Act suits are generally non-removable, however, a fraudulently pleaded Jones Act claim does not bar removal. *Hufnagel v. Omega Services Indus., Inc.*, 182 F.2d 340, 345 (5th Cir. 1999). The determination whether a Jones Act claim has been alleged is generally limited to a review of Plaintiff's pleadings. *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). However, "defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995) (internal quotations omitted).

Jones Act defendants can defeat remand by showing that claims against defendants are "'baseless in law'" and "'serve[] only to frustrate federal jurisdiction.'" *Lackey*, 990 F.2d at 207 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 239 F.2d 82, 85 (10th Cir. 1964)).  However, Defendants' burden of persuasion is heavy; they must show that there is no possibility that Plaintiff would be able to establish a cause of action under the Jones Act. *Lewis v. Lewis $ Clark Marine, Inc.*, 531 U.S. 434, 455, 121 S.Ct. 993, 1004, 148 L.Ed.2d 931 (2001); *Lackey, supra.*  Summary proceedings may be used to determine whether the claims are fraudulently made. *See Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999). Remand is appropriate unless, all disputed questions of fact and ambiguities in the law having been resolved in the plaintiff's favor, there is no reasonable basis for predicting that the plaintiff might establish Jones Act liability. *See id.*;

*Lackey, supra*..

In order to establish seaman status for Jones Act purposes, Plaintiff must establish that: (1) her son's duties contributed to the function of the vessel or to the accomplishment of its mission; and (2) that he had a connection to a vessel or an identifiable fleet of vessels in navigation that was substantial in terms of both its duration and nature. *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554 (1997); *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995); *Hufnagel*, 182 F.3d at 346. Any identifiable fleet of vessels must be under common ownership or control. *Roberts v. Cardinal Services, Inc.*, 266 F.3d 368, 375 (5th Cir. 2001). Furthermore, a seaman must spend at least thirty percent of his time in the service of a vessel in navigation to qualify as a Jones Act seaman. *Chandris*, 515 U.S. at 371.

Defendants argue that Mr. Ashley did not have the requisite connection to a vessel or identifiable fleet of vessels. Specifically, they claim that Crown did not own or control any of the vessels on which Mr. Ashley worked and that he did not satisfy the thirty-percent rule. As evidence of these assertions, Defendants provide affidavits of Mr. Ashley's supervisors and Crown's General Manager. If taken as true, Defendants have established that Mr. Ashley was not a Jones Act seaman.

However, Plaintiff strongly contests whether there was an identifiable fleet of vessels and how much time Mr. Ashley spent on those vessels. Plaintiff offers an interpretation of the evidence presented by Defendants, which shows that Mr. Ashley may have been a seaman. As mentioned above, remand is appropriate unless there is no reasonable basis for predicting that the plaintiff might establish Jones Act liability after all disputed questions of fact and ambiguities in the law are resolved in the Plaintiff's favor. If the issues are resolved in the

4

Plaintiff's favor, there may be a basis for Jones Act liability.  Thus, remand is appropriate.[2]


### III. <u>CONCLUSION</u>

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Remand is **GRANTED**.

New Orleans, Louisiana, this 22nd day of September, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] In light of this ruling, it is unnecessary for the Court to determine whether it has jurisdiction under OCSLA.